UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY LOUIS PORTER,

       Petitioner,

v.                                               Civil Case No. 8:12-cv-2175-T-24 TBM
                                               Criminal Case No.: 8:11-cr-281-T-24 TBM

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER**

       This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 37). The Government opposes the motion. (CV Doc. No. 11). The Court appointed counsel and held an evidentiary hearing on March 22, 2013. As explained below, the Court denies Petitioner's § 2255 motion in its entirety.

**I.  Background**

       On May 19, 2011, Petitioner was indicted for being a felon in possession of a firearm. (CR Doc. No. 1). On July 13, 2011, Assistant Federal Public Defender Jenny Devine filed a notice of appearance as Petitioner's trial counsel. (CR Doc. No. 11). On September 29, 2011, Petitioner pled guilty to the crime of being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(e)(1). His plea was an open plea and not made pursuant to a plea agreement. (CR Doc. No. 22). On December 21, 2011, the Court sentenced Petitioner to 180 months of imprisonment, which was the mandatory minimum sentence required by 18 U.S.C. §924(e)(1). (CR Doc. No. 33, 34). Petitioner did not file a direct appeal. On September 26,

2012, he timely filed the instant § 2255 motion.

## II. Motion to Vacate Sentence

Petitioner sets forth three grounds for relief in his § 2255 motion. Specifically, he argues: (1) trial counsel, Jenny Devine, was ineffective for failing to file a notice of appeal as directed by Petitioner; (2) this Court erred by enhancing his sentence under the Armed Career Criminal Act ("ACCA"); and (3) trial counsel was ineffective for failing to object to the ACCA enhancement and for failing to obtain the necessary court records to prevail on such an objection.

### A. Ground One: Failure to File a Notice of Appeal

In his first ground for relief, Petitioner argues that his trial counsel, Jenny Devine, was ineffective for failing to file a notice of appeal as directed. The Court held an evidentiary hearing on March 22, 2013, after appointing counsel to represent Petitioner at the hearing. At the hearing, the Court heard testimony from Petitioner and his trial counsel, Jenny Devine.

It is well settled that "[a] lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." Roe v. Flores-Ortega, 528 U.S. 470, 470 (2000). "If the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal . . . ." Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005); see also Patel v. United States, 252 F. App'x 970, 973 (11th Cir. 2007).

At the evidentiary hearing, Petitioner testified that he chose to enter an open plea (rather than plead pursuant to a plea agreement) because he wanted to retain his right to appeal. According to Petitioner, he had previously successfully appealed two other state court

2

convictions and sentences. He further testified during the evidentiary hearing that he specifically asked Devine to appeal his sentence at the end of the sentencing hearing on December 21, 2011. Additionally, Petitioner testified that he attempted to call Devine after the sentencing, but she was out of the office. Thereafter, on January 5, 2012, Devine sent Petitioner a letter, in which she confirmed her understanding that he did not wish to appeal. Petitioner admits that he received the letter and that he did not try to contact Devine in response. He contends that because the time for filing an appeal had already expired when he received the letter, he instead began preparing his § 2255 motion. Petitioner signed his § 2255 motion on September 26, 2012 and it was filed with the Court on October 1, 2012.

Devine also testified during the evidentiary hearing. She testified that she discussed with Petitioner the benefits of entering an open plea rather than pleading pursuant to a plea agreement. They discussed that Petitioner was subject to the 15 year mandatory minimum sentence, that he could not provide any cooperation or substantial assistance that might allow him to get under the mandatory minimum, that any plea agreement would contain a waiver of appeal, and an open plea would give him the ability to appeal any appealable errors made during sentencing. However, Devine testified that after receiving the mandatory minimum sentence, Petitioner never instructed her to file an appeal on his behalf. She testified that had he instructed her to file an appeal, she would have done so. Devine also testified that she did not receive any messages at her office that Petitioner had called her after the sentencing. Finally, Devine testified that she sent Petitioner a letter on January 5, 2012, in which she confirmed her understanding that Petitioner did not want her to file an appeal, and she never heard anything from Petitioner in response to the letter.

Petitioner has the burden to prove his claim by a preponderance of the evidence, and after hearing both Petitioner's and Devine's testimony regarding whether Petitioner directed her to file an appeal, the Court concludes that Petitioner has failed to meet his burden of proving that he asked Devine to file an appeal. Clearly, there is a factual dispute, and the Court must assess the credibility of the testimony that was given. Devine, unlike Petitioner who has a stake in the outcome, has no reason not to tell the truth, and the Court finds her testimony to be more credible. Furthermore, because Petitioner received the lowest possible sentence, a mandatory minimum sentence, it was reasonable for Devine to believe that Petitioner did not wish to appeal. This is especially true when she received no response to her January 5, 2012 letter to Petitioner stating that it was her understanding that Petitioner did not wish to appeal. Accordingly, this Court finds that Petitioner has not met his burden of proving that counsel was ineffective for failing to file an appeal, because he has not proven that he directed her to do so.

**B. Ground Two: ACCA Sentencing Enhancement**

Next, Petitioner argues that this Court erred by enhancing his sentence pursuant to the ACCA. Specifically, Petitioner contends that his 1989 attempted armed robbery and murder in the second degree convictions, which were committed at the same time and for which he was sentenced at the same time, do not meet the criteria for an ACCA enhancement because they should have been counted as a single conviction. In addition, he argues that all of his prior convictions for violent felonies are too old to serve as a basis for an ACCA enhancement. As explained below, the Court rejects these arguments.

To begin with, this claim is procedurally barred, as Petitioner did not raise it at his sentencing, nor did he raise it in a direct appeal. Petitioner raised no objections to the ACCA

4

enhancement in the presentence investigation report and made no objection at sentencing, even when given the opportunity to personally address the Court. "A criminal defendant who fails to object at trial, or to raise an available ground of error on direct appeal, is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice." DiPietro v. U.S., 251 Fed. Appx. 606, 607 (11th Cir. 2007) (citing Mills v. U.S., 36 F.3d 1052, 1055 (11th Cir. 1994)). Regardless, the claim lacks merit.

Pursuant to 18 U.S.C. § 924(e), if a person is convicted of being a felon in possession of a firearm and "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). At the time of Petitioner's sentencing in this case for being a felon in possession of a firearm, Petitioner had four prior violent felony convictions for felonies committed on three different dates: (1) a conviction for burglary of a structure committed on September 5, 1986; (2) a conviction for second degree murder and attempted robbery with a firearm committed on March 17, 1989; and (3) a conviction for a robbery that was committed on May 15, 1989. Thus, Petitioner committed three violent felonies on three separate dates prior to his conviction for being a felon in possession of a firearm, and as such, the ACCA enhancement was proper.

Furthermore, the Court did not err by enhancing Petitioner's sentence under ACCA with convictions that were over ten years old. However, unlike USSG 4A1.2's requirement that convictions that are more than ten years old are not counted when computing a defendant's prior criminal history, ACCA does not contain such a temporal restriction on prior convictions. See U.S. v. Murel, 2012 WL 6720925, at *3 (4th Cir. Dec. 28, 2012); U.S. v. Hill, 392 Fed. Appx.

5

634, 636 (10th Cir. 2010). Thus, the fact that Petitioner's prior violent felony convictions are more than ten years old does not matter, as they are still proper convictions to support an ACCA enhancement.

Accordingly, the Court concludes that Petitioner has not met his burden of showing that he is entitled to relief under this ground.

### C.  Ground Three: Counsel's Failure to Object to the ACCA Enhancement

Next, Petitioner argues that his trial counsel was ineffective for failing to object to the ACCA enhancement and for failing to obtain the necessary court records to prevail on such an objection. However, as explained above, the ACCA enhancement was proper, and counsel was not ineffective for failing to make an objection that had no legal merit. Petitioner cannot show that he was prejudiced by counsel's failure to raise the claim. Likewise, counsel was not ineffective for failing to obtain court records to support an objection to the ACCA enhancement, because (1) she had her investigator obtain the court records,[1] and (2) the ACCA enhancement was proper. Accordingly, the Court concludes that Petitioner has not met his burden of showing that he is entitled to relief under this ground.

### III.  Conclusion

Accordingly, for the reasons stated above it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion (CV Doc. No.1; CR Doc. No. 37) is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

---

[1](Doc. No. 11-1, ¶ 3).

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of March, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Larry Louis Porter
Counsel of Record